Matter of Karasik (Commissioner of Labor) (2025 NY Slip Op 05020)

Matter of Karasik (Commissioner of Labor)

2025 NY Slip Op 05020

Decided on September 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 18, 2025

CV-24-0149
[*1]In the Matter of the Claim of Zinaida Karasik, Appellant. Commissioner of Labor, Respondent.

Calendar Date:August 29, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

New York Legal Assistance Group, New York City (Ciara M. Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2023, which denied claimant's application to reopen a prior decision.
Claimant worked a full-time job as a home care attendant for the employer as well as a part-time position for another employer, and filed a claim for unemployment insurance benefits after losing her part-time employment. She received, among other things, federal unemployment benefits. By initial determinations, the Department of Labor determined that claimant was ineligible to receive said benefits in that she was not totally unemployed and charged her with recoverable overpayments. Claimant requested a hearing, at which she testified with the assistance of a Russian language interpreter. An Administrative Law Judge (hereinafter ALJ) determined that the Department lacked jurisdiction to review her benefit claim and issue the initial determinations more than a year after claimant received benefits, finding that the evidence failed to establish that she made willful misrepresentations to obtain benefits, and instead revealed that she had been mistaken and had taken steps to address the issue (see Labor Law § 597 [3]).
On appeal by the Commissioner of Labor, by decision filed January 5, 2023, the Unemployment Insurance Appeal Board reversed the ALJ and reinstated the initial determinations. On May 8, 2023, claimant filed an application to reopen pursuant to Labor Law § 534, which the Board denied by decision filed June 21, 2023. Claimant appeals from the Board's denial of her application to reopen.
Claimant did not file a notice of appeal with this Court from the Board's January 5, 2023 decision, and the merits of the original determination are not before us given that her application to reopen was not made within the 30 days during which the original determination could be appealed (see 12 NYCRR 463.6 [b]; Matter of Jimeno [Commissioner of Labor], 231 AD3d 1467, 1468 [3d Dept 2024]; Matter of Wood [Commissioner of Labor], 24 AD3d 854, 855 [3d Dept 2005]; compare Matter of Ejim [Commissioner of Labor], 238 AD3d 1461, 1462 [3d Dept 2025]). With regard to claimant's appeal from the Board's decision denying her application to reopen the matter, "a decision as to whether to grant such an application is within the sound discretion of the Board and, absent a showing that it abused that discretion, its decision will not be disturbed" (Matter of Amer [Commissioner of Labor], 234 AD3d 1233, 1234 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]).[FN1]
In applying to reopen, claimant argued that her limited English proficiency and language access barriers impeded her ability to understand the proceedings and participate in the appeal to the Board or to move to reopen its decision. However, the record reflects that claimant's language limitations were known and that she fully participated in the hearing and testified with the assistance of a translator, with no indication that she did not [*2]understand the translator or proceedings and no objections premised upon language access issues. The ALJ and Board decisions were provided to her, with notices in Russian explaining the result — i.e., the ruling on her application for benefits, how to obtain a full translation, with phone numbers, and how to proceed with regard to appeals. Claimant was notified of the Commissioner's appeal to the Board and similarly provided with the instructions on how to proceed and her rights translated into Russian. In moving to reopen the Board's decision, claimant did not allege that she did not understand the translated notices or that she was unsuccessful in calling the telephone numbers provided for translation assistance or in obtaining a translation of any document, and she did not detail any efforts she made to follow the procedure outlined in the notices.
The record supports the Board's conclusion that claimant did not submit, in support of her application to reopen, new material or arguments that would affect the Board's decision (see Matter of Raissi [Commissioner of Labor], 172 AD3d 1814, 1815 [3d Dept 2019]). Accordingly, upon review of the record and claimant's application, we find no abuse of discretion in the Board's denial of her application to reopen the matter (see Matter of Amer [Commissioner of Labor], 234 AD3d at 1235; Matter of Aiello [Commissioner of Labor], 227 AD3d 1256, 1257 [3d Dept 2024]; see also Labor Law § 534; 12 NYCRR 463.6 [a]). Claimant's remaining contentions have been considered and, to the extent that they are properly before us, have been found to be without merit.
Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although an application to reopen must be made within 30 days of the Board's decision or contain an explanation for delaying such application (see 12 NYCRR 463.6 [b]), the Board did not address whether claimant had provided good cause for the delay in filing an application to reopen and reconsider.